SOUTH CAROLINA
JUDICIAL BRANCH

STATE OF SOUTH CAROLINA
COUNTY OF _SALUDA_

_HUGH PARKS PRICE_,
Plaintiff(s)

v.

_JOSHUA PRICE, SHERIFF DEPT._,
Defendant(s)

Submitted By: HUGH PRICE
Address: _2465 LOT D PINE GROVE RD_
_WARD SC 29166_

IN THE COURT OF COMMON PLEAS

Civil Action Coversheet

AMENDED COMPLAINT

Case No. _2025 CP 41 00132_

SC Bar Number: _PRO-SE_
Telephone #: _864 553 9507_
Fax #: _____
Other: _____
Email: _HUGHPRICESOUTHCAROLINA@GMAIL.COM_

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. **This form is NOT required to be filed in E-Filed Cases.**

**DOCKETING INFORMATION (*Check all that apply*)**

***If Action is Judgment/Settlement do not complete***

☒ **JURY TRIAL** demanded in complaint.
☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Certificate Attached)

**Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.**

Submitting Party Signature: _____
Date: _7/18/2025_

SCCA 234 (Revised 11/2024)


SOUTH CAROLINA
JUDICIAL BRANCH

2025 CP 4100132
AM ENDED
COMPLAINT

## Nature of Action (Check one box below)

### Contracts
☐Constructions (100)
☐Debt Collection (110)
☐General (130)
☐Breach of Contract (140)
☐Fraud/Bad Faith (150)
☐Failure to Deliver/Warranty (160)
☐Employment Discrim (170)
☐Employment (180)
☐Other (199)

### Torts- Professional Malpractice
☐Dental Malpractice (200)
☐Legal Malpractice (210)
☐Medical Malpractice (220)
☐Notice of Intent Case #
_____
☐Notice File. Med Mal (230)
☐Other (299)

### Torts- Personal Injury
☐Conversion (310)
☐Motor Vehicle Accident (320)
☐Premises Liability (330)
☐Products Liability (340)
☐Personal Injury (350)
☐Wrongful Death (360)
☐Assault/Battery (370)
☐Slander/Libel (380)
☒Other (399)

### Inmate Petitions
☐PCR (500)
☐Mandamus (520)
☐Habeas Corpus (530)
☐Other (599)

### Real Property
☐Claim & Delivery (400)
☐Condemnation (410)
☐Foreclosure (420)
☐Mechanic's Lien (430)
☐Partition (440)
☐Possession (450)
☐Building Code Violation (460)
☐Other (499)

### Judgments/Settlements
☐Death Settlement (700)
☐Foreign Judgment (710)
☐Magistrate's Judgment (720)
☐Minor Settlement (730)
☐Transcript Judgment (740)
☐Lis Pendens (750)
☐Transfer of Structured Settlement Application Payment Rights (760)
☐Confession of Judgment (770)
☐Petition for Workers Compensation Settlement Approval (780)
☐Incapacitated Adult Settlement (790)
☐Other (799)

### Administrative Law/Relief
☐Reinstate Driver's License (800)
☐Judicial Review (810)
☐Relief (820)
☐Permanent Injunction (830)
☐Forfeiture- Petition (840)
☐Forfeiture- Consent Order (850)
☐Other (899)

### Special/Complex/Other
☐Environmental (600)
☐Automobile Arb. (610)
☐Medical (620)
☐Pharmaceuticals (630)
☐Unfair Trade Practices (640)
☐Out of State Depositions (650)
☐Motion to Quash Subpoena in an Out of County Action (660)
☐Pre-Suit Discovery (670)
☐Permanent Restraining Order (680)
☐Interpleader (690)
☐Other (699)

### Appeals
☐Arbitration (900)
☐Magistrate- Civil (910)
☐Magistrate- Criminal (920)
☐Municipal (930)
☐Probate Court (940)
☐SCDOT (950)
☐Worker's Comp (960)
☐Zoning Board (970)
☐Public Service Comm. (990)
☐Employment Service Comm. (991)
☐Other (999)

SCCA 234 (Revised 11/2024)

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

# IN THE COURT OF COMMON PLEAS
## FOR SALUDA COUNTY, SOUTH CAROLINA

HUGH PARKS PRICE, pro se
Plaintiff,

V.                                                    CASE NO. 2025-CP-41-00132

SHERIFF JOSHUA PRICE, in his individual and official
capacities; SALUDA COUNTY SHERIFF'S DEPARTMENT;
MARION "SCOTT" WILSON;
TIM KELLY;
JON COON;
AUSTEN HARDING;
JEFFREY McCARTNEY;
THEODORE MacLAUGHLIN; and
DOE OFFICERS 1–10,
Defendants.

## AMENDED SUMMONS

**TO:**

Sheriff Joshua Price, in his individual and official capacities

Saluda County Sheriff's Office

100 Law Enforcement Way

Saluda, SC 29138

1 of 3

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

2 of 3

Marion "Scott" Wilson
Saluda County Sheriff's Office
100 Law Enforcement Way
Saluda, South Carolina 29138

Jon Coon
Saluda County Sheriff's Office
5080 Chester Highway
Saluda, SC 29138

Austen Harding
Saluda County Sheriff's Office
100 Law Enforcement Way
Saluda, SC 29138

Jeffrey Mccartney
Saluda County Sheriff's Office
100 Law Enforcement Way
Saluda, SC 29138

Tim Kelly
Saluda County Sheriff's Office
100 Law Enforcement Way
Saluda, SC 29138

Theodore Maclaughlin
Saluda County Sheriff's Office
100 Law Enforcement Way
Saluda, SC 29138

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

**YOU ARE HEREBY SUMMONED** and required to appear and defend the Complaint filed against you in the above-entitled action by serving upon the Plaintiff, at the address below, a written answer to the Complaint per the South Carolina Rules of Civil Procedure, within thirty (30) days after the service of this Summons, exclusive of the day of service.

IF YOU FAIL TO ANSWER THE COMPLAINT IN WRITING WITHIN THE TIME ALLOWED, JUDGMENT BY DEFAULT WILL BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Date of Issuance: July 18th, 2025
CLERK OF COURT

(Seal)

By: _____

Deputy Clerk

**/s/Hugh Parks Price**

Hugh Parks Price, pro se

2465 Lot D

Pine Grove Rd

Ward, SC 29166



3 of 3

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

2025 JUL 18 PM4:05:45

**STATE OF SOUTH CAROLINA, COUNTY OF SALUDA**
**IN THE COURT OF COMMON PLEAS**

**AMENDED COMPLAINT**

HUGH PARKS PRICE, pro se
Plaintiff

CASE NO. 2025-CP-41-00132
JURY TRIAL DEMAND

v.

SHERIFF JOSHUA PRICE, in his individual and official capacities;
SALUDA COUNTY SHERIFF'S DEPARTMENT;
MARION "SCOTT" WILSON;
TIM KELLY;
JON COON;
AUSTEN HARDING;
JEFFREY McCARTNEY;
THEODORE MacLAUGHLIN; and
DOE OFFICERS 1–10,
Defendants.

## I. INTRODUCTION AND NATURE OF ACTION

This is a civil rights action brought under 42 U.S.C. § 1983 (civil action for deprivation of rights) and 28 U.S.C. § 1367(a) (supplemental jurisdiction) to redress violations of Plaintiff Hugh Parks Price's constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments by law enforcement officers and supervisory officials acting under color of state law. Plaintiff also seeks attorneys' fees and costs under 42 U.S.C. § 1988.

Defendants, individually and in concert, engaged in: • Unlawful arrest without probable cause.

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

    a. Fabrication of evidence supporting false criminal charges and malicious

       prosecution;

    b. Warrantless searches and seizures of home, barn, and curtilage;

    c. Denial of due process and access to counsel;

    d. Excessive force in a nonviolent civil context; and

    e. Abuse of civil enforcement procedures for retaliation.

Count V alleges municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, and a jury trial.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under Article V, § 11 of the South Carolina Constitution (circuit court jurisdiction) and S.C. Code Ann. § 15-7-10 et seq. (venue generally) and §

15-7-30 (venue where defendant resides). Federal claims arise under 42 U.S.C. §§ 1983, 1988; state claims under the Court's supplemental jurisdiction, 28 U.S.C. § 1367(a). **III.**

## PARTIES

### Plaintiff

Hugh Parks Price is a resident of Saluda County, South Carolina. At all relevant times, Plaintiff was engaged in lawful civil proceedings concerning animal ownership and property disputes. He brings this action to redress unlawful conduct committed against him  by local law enforcement officers and supervisory officials acting under color of

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

state law and in excess of their lawful authority.

**Defendants**

1. *Sheriff Josh Price*, in his individual and official capacities, is the elected Sheriff of Saluda County and the final policymaker for the Saluda County Sheriff's Department. He directly supervised and approved the arrest of Plaintiff and issued verbal directives captured on body camera, including the instruction to "get him off the property." He is responsible for the customs, practices, and failures of oversight that facilitated the constitutional violations alleged herein.

2. *Saluda County Sheriff's Department* is a municipal law enforcement agency organized under the laws of South Carolina and is responsible for hiring, training, supervising, and disciplining its officers. The Department is liable under Monell for maintaining unlawful policies or customs, including the use of fabricated affidavits and criminal process to enforce civil judgments.

3. *Officer Marion "Scott" Wilson*, in his individual capacity, was the affiant for the June 13 arrest warrant, which contained materially false statements. Although he did not personally execute Plaintiff's arrest, he actively participated in the unauthorized seizure of animals on June 19, 2023—some of which were not listed in any court order—and conducted warrantless searches of Plaintiff's barn. He initially came to the property on June 8, 2023, and later returned during Plaintiff's detention on June 19, 2023, facilitating unauthorized entry with third parties.

4. *Officer Tim Kelly*, in his individual capacity, entered Plaintiff's barn on June 8, 2023, without a warrant, consent, or legal authority, in search of unrelated

- 3 -

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

property involved in a separate civil matter. He subsequently sought to initiate a direct indictment at a preliminary hearing in which he had no lawful role, arguably constituting the unauthorized practice of law.

5. *Officer Jon Coon*, in his individual capacity, was a member of the tactical arrest unit deployed on June 19, 2023. He participated in the militarized arrest of Plaintiff in a nonviolent civil context, contributing to the excessive use of force.

6. *Officer Austen Harding*, in his individual capacity, was one of two investigating officers in the department. He supervised Plaintiff's physical restraint and custody during the June 19 arrest. He is included for his role in enforcing an arrest carried out without probable cause, without proper investigation, and for failing to ensure the protection of the Plaintiff's rights while in custody.

7. *Officer Jeffrey McCartney*, in his individual capacity, executed the second arrest of Plaintiff on June 29, 2023, in a public courtroom, without prior notice or a properly filed contempt motion. He made demeaning remarks during the arrest in the presence of private litigants and court personnel.

8. Officer Theodore MacLaughlin, in his individual capacity, authored a supplemental report dated June 29, 2023, referencing his prior report from June 24, 2023, which contained fabricated witness statements and inflammatory commentary. He also interfered with Plaintiff's housing by making defamatory statements to Plaintiff's landlord. Although Plaintiff anticipates filing a separate defamation and false arrest action against Officer MacLaughlin for his conduct on June 24 and August 6, 2023—when he also made false statements in order to obtain an arrest warrant—he is included here in connection with his June 29

- 4 -

report and related misconduct.

9. *Doe Officers* 1–10 are unidentified deputies and supervisors employed by the Saluda County Sheriff's Department who were involved in or had oversight over the incidents described in this Complaint. Plaintiff will amend the Complaint to name these Defendants upon completion of discovery.

## IV.STATEMENT OF FACTS

1. January 27–30, 2023: Civil Judgment and Notice of Appeal

On January 27, 2023, Plaintiff Hugh Parks Price was found civilly liable for the possession of five animals following a jury trial in Saluda County. Immediately upon the verdict, Plaintiff announced his intent to appeal in open court, which was acknowledged by the presiding judge. Notwithstanding this, less than three hours later, Officer Tim Kelly appeared at Plaintiff's residence accompanied by a livestock hauler in an apparent attempt to seize the animals. Entry was not forced at that time, and the Plaintiff's gate was locked to prevent trespassers. On or about January 30, 2023, Plaintiff formally filed his notice of appeal within the statutory timeframe. He reiterated to law enforcement on multiple occasions that the matter remained under appeal and that the appellate process was lawfully pending.

2. June 6–8, 2023: Denial of Appeal and Warrantless Search

Plaintiff's initial appeal was denied in Circuit Court by the Honorable Judge Debra McCaslin on or about June 6, 2023. However, procedural rules allowed Plaintiff 30 additional days to seek review in the higher appellate court. On June 8, multiple law enforcement officers, including Officer Tim Kelly and Officer

- 5-

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

Marion "Scott" Wilson, arrived unannounced at the Plaintiff's property on June 8 2023. Although they possessed a civil pickup order from Summary Court by the Honorable Judge Freeman, they did not present a search warrant or give notice of any contempt proceeding. Officer Kelly entered Plaintiff's barn without consent or legal authority, apparently to search for artwork after questioning the Plaintiff in an unrelated alleged larceny. Officer Wilson left the premises shortly but later returned, discovering that Officer Kelly had become inadvertently locked inside the yard between the barn and the gate—unbeknownst to Plaintiff—during the unauthorized search. "No Trespassing" signs were clearly posted. No contempt hearing had been initiated, and there was no judicial finding of noncompliance. According to Officer Hartless's own statements to third party Barbara Hughes, Plaintiff had not refused compliance, and an appeal was understood to be in progress.

3. June 13–19, 2023: Fabricated Arrest Warrant and Tactical Seizure

On or about June 13, 2023, Officer Wilson submitted a sworn affidavit in support of a criminal warrant charging Plaintiff with obstruction and resisting a service officer. The affidavit falsely claimed that Plaintiff blocked access with a truck and trailer (which was parked in its usual location) and had actively impeded officers.

In actuality, when Officers Wilson and Kelly arrived early in the morning of June 8 2023, they let themselves unannounced into Plaintiff's yard. Hugh Price had been asleep and completely unprepared for, and unaware of their arrival until they

- 6 -

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

knocked on his residence door.. No advance notice was given for the pickup action. Contrary to the affidavit, the gate was unlocked, and Plaintiff cooperated upon waking and getting dressed, even suggesting which animal they should collect first; the horse named "Tolly". Officer Wilson also alleged in his warrant request from Saluda County Magistrate Judge Shults, that Plaintiff had been deceptive about a non-existent pasture entrance and was "vague" about the identity of specific animals, including two goats in a separate pasture.

On the morning of June 19, 2023, a tactical law enforcement unit was deployed to the Plaintiff's residence. Plaintiff was arrested at gunpoint during a heavily militarized operation grossly disproportionate to the alleged civil contempt. He was denied access in Saluda County Detention Center to legal counsel and any telephone usage for over six hours. Major Eargle advised Plaintiff after booking: "You are on phone restriction per the instructions of the Sheriff." Only after the animal pickup was completed in the late afternoon, was Plaintiff allowed to make a call.

During the seizure, Officer Wilson confiscated three young goats not listed in any lawful court order. Bodycam footage captured Sheriff Josh Price confirming with Officer Wilson that the arrest's purpose had been "to get him off the property" to facilitate the pickup order of the five animals: two horses, two goats and a sheep.

4. June 19, 2023 (Afternoon): Warrantless Entry During Plaintiff's Detention While Plaintiff remained in custody, Officer Wilson returned to Plaintiff's property with private individuals, including Barbara Hughes and Mary Moss. Entry was again made into the barn/residence without a warrant or legal basis. No notice

- 7 -

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

was provided to Plaintiff's legal counsel (civil), and Plaintiff's location was withheld from all third parties except Mary Moss and Barbara Hughes for several hours. Bodycam footage again captured Sheriff Price confirming that the operational objective was to remove the Plaintiff from his property.

5. June 24, 2023: Defamatory Action and Housing Interference

On June 24, 2023, Officer Theodore MacLaughlin visited Plaintiff's new residence in connection with an unrelated matter. During the visit, MacLaughlin falsely stated to Plaintiff's landlord that Plaintiff was "dangerous" and suggested eviction. These defamatory statements disrupted Plaintiff's housing arrangement. Plaintiff reserves the right to bring a separate action against Officer MacLaughlin concerning this defamation and related conduct on June 29 and August 7, 2023. Also, on this day, Sheriff Joshua Price made phone conversation statements that were recorded by Officer Suzanne Shealy stating that he had knowledge of Hugh Pric's upcoming courtroom appearance the next week and that Lisa Molstad should file for eviction "first thing Monday morning. They can get it all done at once." Officer Shealy would later state on body-cam to Lisa Molstad on July 22, 2023 the following: "Let me assure you, the Sheriff, the Chief, all the deputies....it would thrill us to get him off of this property." Officer MacLaughlin stated shortly before this, "He is about on our last nerve."

6. June 25–29, 2023:

Courtroom Arrest Without Notice or Due Process On June 29, 2023

- 8 -

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

Plaintiff appeared in court in good faith to resolve ongoing civil matters. Upon arrival, he was served with two documents: Officer McCartney served a claim and delivery summons and complaint in *Gentry v. Price,* Officer Kelly served an eviction notice in *Molstad v. Price.* And a warrant existed as common knowledge among the Deputies who were in the court room as observers. It was later described as a "Indirect Contempt" finding, despite no prior notice or motion having been served to that effect. The plaintiff had not been informed of any contempt charge before appearing in court. This charge is still pending appeal since the filing date of June 29 2023 by criminal counsel However, Officer McCartney later confirmed on January 28 2024 that he had known there would be an arrest warrant for Hugh Price executed that day, June 29 2023, as he waited in the courtroom. This charge displays as a conviction on the Plaintiff's "rap sheet" to this day, despite appeal pending.

During proceedings on June 29, Judge Freeman abruptly referenced a missing horse, to which Plaintiff responded that he had no knowledge of its whereabouts. Plaintiff was then summarily arrested in the courtroom by Officer Jeffrey McCartney, in view of litigants and court personnel. While escorting Plaintiff in handcuffs, McCartney mocked him, stating: "You're so stupid." Plaintiff's civil counsel had received no prior notice of the contempt allegation. Plaintiff was then held without bond or hearing and was not provided proper notice of any pending contempt proceeding. The only court summons Plaintiff had received, dated June

- 9 -

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

25, 2023, stated: "Claim and Delivery, *Filler v. Price*, Bench Trial, June 29, 2023."

7. July 3–August 17, 2023: Emergency Bond and Case Dismissal

After multiple days in custody, Plaintiff was granted an emergency bond hearing on July 3, 2023, before the Honorable Judge McLeod in Circuit Court and released on July 4 on a $10,000 bond. On August 17, the charge of "Resisting a Service Officer During Process", warrant no. 2023A4110100076, obtained by Officer Wilson was formally dismissed for lack of probable cause. However, Plaintiff remained incarcerated due to a second arrest initiated by Officer MacLaughlin. Plaintiff intends to litigate the August 7 arrest separately.

8. August–September 2023: Excessive Bail on Nonviolent Charge

On August 7, 2023, Plaintiff was arrested again in relation to an incident involving Lisa Molstad, his landlord, and a party previously influenced by Officer MacLaughlin's defamatory remarks. Despite the nonviolent nature of the offense, bond was set at $350,000. The plaintiff remained jailed for 25 days before bond was converted to a personal recognizance release. Plaintiff reserves the right to bring a separate Eighth Amendment claim regarding this excessive bail, which was reportedly requested as "maximum bond" by the Sheriff's Department Victim's Advocate.

9. August–December 2023: Judicial Recusal and Prosecutorial Discretion Judge

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

Freeman was recused from the Plaintiff's eviction proceedings Molstad v. Price, by South Carolina Supreme Court Chief Justice Beatty on or about August 9, 2023. Previously, in an ex parte conversation on July 20, Judge Freeman had told Lisa Molstad that he could not remain impartial toward Plaintiff. That recusal was reaffirmed to Plaintiff's criminal counsel during the preliminary hearing on August 17.

On December 11, 2023, Judge Morgan denied the eviction order in *Molstad v. Price*, and the Plaintiff prevailed at the hearing. During the August 17 preliminary hearing, Officer Kelly improperly advocated for a direct indictment, on the "Resistance" charge, despite not being the affiant. Officer Wilson—who was the affiant—failed to appear, despite being properly subpoenaed by Plaintiff's counsel. The Solicitor's Office declined to pursue an indictment, and the charge remained dismissed for "Lack of Probable Cause" during court week in the Saluda County Circuit Court, 11th Judicial District.

## V. CAUSES OF ACTION

### COUNT I
*Fourth Amendment: Unlawful Arrest,*
*Warrantless Search and Seizure (42 U.S.C. § 1983)*

Defendants violated the Fourth Amendment by arresting Plaintiff without probable cause and conducting warrantless entries on June 8 and June 19, 2023.

### COUNT II
*Fourteenth Amendment: Procedural and Substantive*
*Due Process Violations (42 U.S.C. § 1983)*

Defendants deprived Plaintiff of due process by arresting him in court without notice,

ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

denying counsel access, and abusing civil process.

## COUNT III
*Eighth Amendment: Excessive Bail*
*(42 U.S.C. § 1983; U.S. Const. amend. VIII; S.C. Code Ann. § 17-15-160; §*

*17-15-170)* The Plaintiff was detained pretrial on a $350,000 bond for a nonviolent

offense, in violation of the Excessive Bail Clause.

## COUNT IV
*Malicious Prosecution and Abuse of Process (42 U.S.C. § 1983)*

Defendants initiated and maintained criminal charges without probable cause, in
collaboration with private litigants, to seize property and punish the Plaintiff.

## COUNT V
*Monell Liability: Policy, Practice, and Custom*
*(42 U.S.C. § 1983; Monell, 436 U.S. 658)*

Saluda County Sheriff's Department maintained a custom of converting civil disputes

into criminal enforcement, condoned by policymakers.

## COUNT VI
*State-Law Claims (S.C. Code Ann. § 15-78-10 et seq.; §*
*15-78-20(b); Supplemental jurisdiction under 28 U.S.C. § 1367(a))*

1. False Imprisonment (common-law elements: intent to confine; lack of consent;

   awareness; no reasonable means of escape).

2. Defamation (S.C. Code Ann. § 15-78-40 discretionary immunity exceptions;

   elements: false defamatory statement; publication; fault; harm).

3. Intentional Infliction of Emotional Distress (elements: extreme and outrageous

   conduct; intent or recklessness; causation; severe distress).

4. Civil Contempt Procedure Abuse (S.C. Code Ann. §§ 15-31-10 et seq.).

5. Claim-and-Delivery Misuse (S.C. Code Ann. § 47-5-820).

## VI. PRAYER FOR RELIEF

- 12 -

2025 JUL 18 PM4:06:01
ELECTRONICALLY FILED - 2025 Jul 21 12:13 PM - SALUDA - COMMON PLEAS - CASE#2025CP4100132

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Award compensatory damages;

2. Award punitive damages against individual officers;

3. Declare Defendants' actions unlawful under the Fourth, Eighth, and Fourteenth

   Amendments and SC Constitution;

4. Enjoin further unlawful arrests and retaliatory actions;

5. Award attorneys' fees and costs under 42 U.S.C. § 1988;

6. Grant any other relief deemed just and proper; and
7. Empanel a jury trial.

Respectfully submitted,


**/s/ Hugh Parks Price**

Hugh Parks Price

July 18, 2025

pro se

2465 Lot D
Pine Grove Rd
Ward, SC 29166

- 13-