UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Hugh Parks Price, | ) | C/A No. 8:25-cv-12902-TMC-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Sheriff Joshua Price, Saluda County | ) | |
| Sheriff's Department, Marion Scott Wilson, | ) | |
| Tim Kelly, Jon Coon, Austen Harding, | ) | |
| Jeffrey McCartney, Theodore MacLaughlin, | ) | |
| Doe Officers 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion to Remand. ECF No. 25. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this United States Magistrate Judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

**Background**

On July 21, 2025, Plaintiff, proceeding *pro se*, filed an Amended Complaint asserting various claims under § 1983 and state law against Defendants in the Saluda County Court of Common Pleas. ECF No. 1-1. Certain Defendants filed a Notice of Removal on October 9, 2025. ECF No. 1.[1] On October 28, 2025, Plaintiff filed a Motion to Amend the Amended Complaint and

---

[1] The remaining named Defendants filed a Consent to Removal on October 30, 2025. ECF No. 16.

1

asserted that the proposed second amended complaint eliminated all federal questions. ECF No. 13. Plaintiff attached to the Motion a proposed second amended complaint, which solely brought claims against Defendants under the South Carolina Tort Claims Act related to a seizure of his animals and other personal property and two arrests. ECF No. 13-2. Defendants consented to Plaintiff's Motion to Amend. ECF No. 17. On November 5, 2025, the undersigned issued an Order granting Plaintiff's Motion to Amend and directing the Clerk of Court to file Plaintiff's proposed second amended complaint as the operative complaint in this matter. ECF No. 18. The Clerk of Court filed Plaintiff's Second Amended Complaint on the same date. ECF No. 20.

On February 6, 2026, Plaintiff filed a Motion to Remand, arguing that the Court should decline to exercise supplemental jurisdiction over his state law claims and remand this matter to state court. ECF Nos. 25; 25-1. Defendants did not file a response, and this matter is ripe for review.

**Analysis**

The Court's jurisdiction over Plaintiff's claims remaining in the second amended complaint is premised on supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished," *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir.1995), and the Fourth Circuit has identified several factors for a court to consider when making this determination: (1) "convenience and fairness to the parties," (2) "the existence of any underlying issues of federal policy," (3) "comity," and (4) "considerations of judicial economy." *Id.* The Fourth Circuit "evince[s] a strong preference that state law issues be left to state courts ...," *Arrington v. City of Raleigh*, 369 F. App'x 420, 423 (4th Cir. 2010).

2

The balance of the applicable factors supports declining to exercise supplemental jurisdiction. In second amended complaint, Plaintiff alleges that Defendants should be held liable under the South Carolina law. Plaintiff's claims implicate state and local concerns, and a decision on these claims would involve an analysis of the South Carolina Tort Claims Act. Courts in this District frequently decline to exercise supplemental jurisdiction over similar claims. *See Mathis v. Anderson Cnty.*, C/A No. 8:22-234-DCC-KFM, 2024 WL 4486601, at *22 (D.S.C. May 29, 2024) (recommending that the district court decline to exercise supplemental jurisdiction over a plaintiff's state law negligence/gross negligence claim when the state law claim implicated local policies and "a decision on this claim would involve an analysis of the creation, interpretation, and enforcement of these local policies, state tort law, and the South Carolina Tort Claims Act."), *R&R adopted by* 2024 WL 4024019 (D.S.C. Sept. 3, 2024); *Mazyck v. City of North Charleston*, C/A No. 2:23-cv-02602-DCN, 2023 WL 6795418, at *8 (D.S.C. Oct. 13, 2023) ("Rather, this dispute presents a local matter, which the principle of comity obligates be resolved in state court. … Hence, that is where this case will go."); *Holmes v. Town of Clover*, C/A No. 0:17-cv-03194-JMC, 2019 WL 4267515, at *10 (D.S.C. Sept. 10, 2019) ("'It is a common practice of the judges in this district to decline to exercise supplemental jurisdiction over local matters if the federal claims over which the court has original jurisdiction are dismissed.'") (quoting *Miller v. D.C. Water & Sewer Auth.*, C/A No. 17-cv-0840 (KBJ), 2018 WL 4762261, at *15 (D.D.C. Oct. 2, 2018)). The Supreme Court of the United States has cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial ... the state law claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383

U.S. 715, 726 (1966). Accordingly, comity principles and an absence of federal issues in this matter weigh in favor of declining to exercise supplemental jurisdiction.

Regarding judicial economy, this matter has been pending for less than a year and is in the early stages of litigation. *See* ECF Nos. 1; 1-1; 23. Dispositive motions have not been filed, and Plaintiff asserts that no discovery has been conducted. ECF No. 25 at 2; *see* ECF No. 23. The United States Court of Appeals for the Fourth Circuit has stated that "[g]enerally, when a district court dismisses all federal claims in the early stages of litigation—e.g., at the summary-judgment stage—it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice." *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (citations omitted); *see, e.g., Mathis v. Anderson Cnty.*, C/A No. 8:22-cv-00234-DCC, 2024 WL 4024019, at *2-8 (D.S.C. Sept. 3, 2024) (granting in part the defendants' motion for summary judgment and declining to exercise supplemental jurisdiction over the plaintiff's remaining state law claims); *see also Culbertson v. Lott*, C/A No. 3:19-cv-26-MGL-PJG, 2021 WL 805538 (D.S.C. Mar. 3, 2021) (dismissing federal law claims and declining to exercise supplemental jurisdiction over state law claims in a case that had been pending for over two years). Therefore, principles of judicial economy do not weigh in favor of an exercise of supplemental jurisdiction.

Convenience and fairness interests also favor declining to exercise supplemental jurisdiction due to the parties' ties to Saluda, South Carolina. Plaintiff elected to file suit initially in Saluda County, Plaintiff is a resident of Saluda County, and the underlying conduct occurred in Saluda. ECF Nos. 1-1; 20; 25. Defendants comprise of the Saluda County Sheriff's Department, the Sheriff of Saluda County, and deputies in Saluda County during the events in question. ECF Nos. 20; 21. The Saluda County Court of Common Pleas is both a convenient and fair forum for the state law claims. Further, should this claim proceed to trial, it would be more appropriate for

this trial to occur in state court. *See Scannell v. S.C. Dep't of Social Servs.*, C/A No. 2:20-cv-4288-BHH-MGB, 2024 WL 911490, at *4 (D.S.C. Mar. 4, 2024).

After carefully balancing the applicable factors, Plaintiff's claims present quintessential state law questions best reserved for a state court to decide. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims."). Therefore, the undersigned recommends that the district court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and remand this matter to the Saluda County Court of Common Pleas.

Based on the foregoing, the undersigned **RECOMMENDS** that the district court **GRANT** Plaintiff's Motion to Remand. ECF No. 25.

**IT IS SO RECOMMENDED.**

s/William S. Brown
United States Magistrate Judge

February 23, 2026
Greenville, South Carolina

*The attention of the parties is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).